*In the Matter of Grazing Permit No. 12-1445*
*Jerome STASH and Alfred Stash*
Petitioners
*v.*
*Kee MUSTACHE*
Respondent
*Brenda JAMES, et al.*
Intervenors

In the Family Court of the Navajo Nation
Judicial District of Shiprock, New Mexico

No. SR-FC-409-01-CV

April 21, 2004

## FINAL JUDGMENT AND ORDER

THIS MATTER having initially come before the Family Court then referred to the Peacemaking Program wherein a Peacemaking Hearing was held on April 16, 2002. Said Peacemaking Hearing was conducted and mediated by Robert C. Begay, a designated Peacemaker of San Juan Chapter and Helen Kee, a designated Peacemaker from Cove Chapter. The Peacemaking Program made Findings of Fact and requests that the Family Court enter a Judgment in accordance with the Peacemaking Agreement by the parties. The Peacemaking Agreement is incorporated herein, and the Court enters a Final Judgment and Order as follows:

1. The Court has continuing personal and subject matter jurisdiction over the matter herein.

2. Pursuant to a Pretrial Conference held on February 6, 2002 the parties agreed to have this matter stayed and the case referred to the Peacemaking Program as a last attempt to resolve the dispute between family members.

3. All parties were given notice and an opportunity to participate in the Peacemaking Hearing.

4. Issues for Peacemaking were limited to Grazing Permit No. 12-1445 and to whom it should be awarded, the number of cattle existing under the permit, identification and distribution of the cattle to their rightful owner or owners, and title to the vehicles and stock trailers.

5. Persons in attendance at the Peacemaking Hearing were Alfred Stash, Jerome Stash, Kee Mustache, Brenda James, Miriam Warren, Barbara Mustache, Lorraine Clark, Vonda Warren, Clarence Mustache, Shirlene Watson, and Terrilene Mustache. All parties are enrolled members of the Navajo Nation.

6. The Findings based on the discussion portion of the Peacemaking Hearing are incorporated herein and made part hereof by reference as follows:

    a. On January 26, 1956, Grazing Permit No. 12-1445 was issued to Pauline Mustache and Kee Mustache.

    b. Pauline Mustache, died on January 29, 1993. Her estate was never probated.

    c. In April 1998, the parties met, discussed, and agreed to the distribution of the Pauline Mustache's estate except for the grazing permit.

    d. The distribution of the grazing permit was to be decided by Kee Mustache.

    e. Decedent's estate was not completely distributed as agreed by the parties and Kee Mustache did not distribute or probate the grazing permit.

    f. The parties are in discord and conflict regarding the livestock. However, the parties have agreed to end their conflict and distribute the remaining property and the grazing permit as agreed.

    g. The parties agreed that the grazing permit should remain on the maternal side of the family, (the Bitterwater Clan).

    h. Kee Mustache relinquished his rights to and interests in the grazing permit.

    i. The vehicles, stock trailers, and cattle shall be distributed as agreed by the parties.

    j. The parties agreed to cease their bickering, criticism, verbal and physical abuse and will live in peace and harmony.

## CONCLUSIONS OF LAW

1. Pursuant to the Navajo Rules of Probate Procedure, Rule 1(h), as modified by *The Estate of Annie Belone*, 5 Nav. 161 (Nav. Sup. Ct. 1987), the time to probate Pauline Mustache's estate expired five (05) years after her death. In such situations, a quiet title action is the appropriate and proper proceeding to determine title to the grazing permit and other property of the estate.

2. On April 20, 2001, Petitioners filed a Petition For Quiet Title and For Injunctive Relief. On June 12, 2001, Respondent filed his Answer and Counterclaim. On July 20, 2001, Intervenors, Pro Se, filed their Joint Answer to the Petition For Quiet Title and Injunctive Relief. Subsequently, all parties through January 2002 filed numerous pleadings with the Court.

3. On February 6, 2002 the parties agreed to have this matter stayed and the case referred to the Peacemaking Program. The Court immediately accepted the parties' request because the Court recognizes and acknowledges the role of peacemaking in matters such as this. *See also, In re Estate of Kindle*, 8 Nav. R.

150 (Nav. Sup. Ct. 2001). The parties are all immediate family members and this longstanding dispute has not only created much dissention amongst the family, but has also lead to physical and verbal abuse between family members. Because of this ongoing dispute the parties could no longer recognize and live by the values of *kei* or the *Diné* traditional customs and ways.

4. The family members (parties) requested the use of peacemaking to discuss and resolve the dispute through *kei* and to restore harmony within the family.

5. All parties were given notice and an opportunity to participate in the Peacemaking Hearing. All parties knowingly and voluntarily reached an agreement during the Peacemaking Hearing. The parties agreed to place Grazing Permit No. 12-1445 in trust for the use and benefit of the Petitioners and Interveners and to name Alfred Stash and Tarrilene Mustache as trustees. The agreement is fair and just and is made a part hereof by reference. The parties' agreement to divide and distribute the vehicles, stock trailer, and cattle is just and fair and is made a part hereof by reference.

6. Pursuant to the Navajo Peacemaker Court Rules, Rule 4.3 Judgments. The Family Court may enter a judgment upon a Peacemaking Agreement if 1) the Court has personal and subject matter jurisdiction; 2) all necessary parties have actual knowledge of the proposed judgment and agree to it or all necessary parties agree to submit the case to the peacemaker for a decision; 3) the judgment contains the complete agreement of the parties and there is sufficient information regarding the full agreement so future disputes will not arise; 4) the proposed judgment is otherwise proper and enforceable; and 4) judgment based upon the peacemaking agreement is valid if these conditions have been satisfied. *Id. See also, Benally. v. Benally,* 8 Nav. R. 79 (Kay. Fam. Ct. 2003).

7. Based on the Peacemaking Agreement, Kee Mustache's relinquishment of his rights and interest in Grazing Permit No. 12-1445 is accepted and made a part hereof by reference. Kee Mustache's letter dated May 29, 2002 objecting to the Peacemaking Agreement and his formal objections are not accepted because Mr. Mustache agreed to participate in the Peacemaking Hearing, in fact participated in the Peacemaking Hearing, and agreed to the distribution of Grazing Permit No. 12-1445 and the other property.

8. The Intervenors' objections to the Peacemaking Agreement is also denied because Intervenors also agreed to participate in the Peacemaking Hearing, in fact participated in the Peacemaking Hearing, and agreed to the distribution of Grazing Permit No. 12-1445 and the other property as stated in the Peacemaking Agreement.

9. The parties agreed to have the Peacemaking Agreement incorporated into a Family Court Judgment.

BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES THAT:

1. Kee Mustache's rights and interests in Grazing Permit No. 12-1445 are hereby terminated pursuant to his consent and agreement of April 16, 2002.

2. Grazing Permit No. 12-1445, including the assigned Brand QZE is hereby placed in trust for the use and benefit of Darlene M. Yazzie, Marian Warren, Barbara Mustache, Lorraine Clark, Brenda James, Vonda Warren, Clarence Mustache, Shirleen Watson, Tarrilene Mustache, Jerome Stash and Alfred Stash. Petitioner, Alfred Stash and Intervenor, Tarrilene Mustache are appointed Trustees of Grazing Permit No. 12-1445.

3. Grazing Permit No. 12-1445 shall not be sold, encumbered, altered, or modified without the knowledge and consent of all beneficiaries as listed in Paragraph No. 2 above.

4. The thirteen (13) heads of cattle are awarded as follows:

   a. Three heads of cattle to Jerome Stash as his sole and separate property.

   b. One cow to Darlene M. Yazzie.

   c. One cow to Barbara Mustache.

   d. One bull to Vonda Warren.

   e. One cow to Tarrilene Mustache.

   f. Three heads of cattle to Clarence Mustache.

   g. One cow to Shirleen Watson.

   h. One cow to Brenda James, and

   i. One cow to Kee Mustache.

5. The vehicles and stock trailers are awarded as follows:

   a. One 1981 Chevrolet pick up truck to Alfred Stash.

   b. One 1983 Chevrolet Blazer with to Barbara Mustache.

   c. One 1973 Chevrolet pick up truck and one 1976 stock trailer to Kee Mustache.

   d. One 1974 Chevrolet two-ton pick up truck to Barbara Mustache.

   e. One 1976 Ford pick up truck to Lorraine Clark.

   f. One 1979 Chevrolet pick up truck to Kee Mustache.

   g. One 1988 stock trailer to Jerome Stash.

   h. One 1988 stock trailer to Jerome Stash.

   i. One 1987 Chevrolet Spectrum to Barbara Mustache.

   j. One 1958 Chevrolet to Alfred Stash.

   k. One stock trailer to Alfred Stash.

6. The parties shall immediately and permanently cease any and all fighting, criticisms, verbal and physical abuse, intimidation, bickering, and false

allegations directed at one another including the parties immediate family members, including but not limited to spouses, partners, and children.

7. The Bureau of Indian Affairs Natural Resources Office shall immediately re-issue Grazing Permit 12-1445 jointly to Alfred Stash and Tarrilene Mustache for the use and benefit of all family members as stated above in Paragraph No.2.

8. Respondent, Kee Mustache's Motion For An Order To Set Trial is hereby DENIED.

9. Intervenor, Brenda James et. al. Request To Set For Trial is hereby DENIED.

10. Respondent, Kee Mustache's Counterclaim is hereby DISMISSED.